MATTER OF PENAHERRERA

In Adjustment of Status Proceedings

A-18497411
A-18497413

*Decided by District Director July 29, 1969*

Since it has been established that applicants' father, because of his class of admission and his duties, would have been eligible for the benefits of section 13 of the Act of September 11, 1957 following termination of his diplomatic status, his loss of eligibility for such relief (having last entered the United States as a visitor) does not disturb nor in any way affect the eligibility for the benefits of section 13 of the Act of applicants, who have remained in this country since their admission on January 25, 1953 under section 101(a)(15)(A)(i) of the Immigration and Nationality Act, as amended, as his accompanying minor children.

The applicants are two sisters, one twenty three and one twenty five, both natives and citizens of Ecuador. They were last admitted to the United States on January 25, 1953 under the provisions of section 101(a)(15)A)(i) of the Immigration and Nationality Act, as amended, as the accompanying minor children of Cesar F. Penaherrera, then Ecuadoran Consul General at San Francisco, California.

The father of the applicants officially terminated his position as Consul General at San Francisco, California on July 8, 1953. Mr. Penaherrera left the United States for San Salvador in the summer of 1956. He was issued an immigrant visa by the American Consulate in San Salvador, El Salvador on August 17, 1956 and admitted to the United States for permanent residence on October 2, 1956. On May 2, 1958 the American Embassy, Guatemala made a determination that he had lost his residence status in the United States. Mr. Penaherrera was next admitted to the United States at Miami, Florida on January 13, 1962 as a visitor for pleasure until March 12, 1962. He left the United States to return to El Salvador on December 20, 1962 and the record does not indicate that Mr. Penaherrera has ever returned to the United States since his last departure.

*It is further ordered* that, pursuant to the special inquiry officer's order, the respondent be permitted to depart from the United States voluntarily within 30 days from the date of this decision or any extension beyond that time as may be granted by the District Director; and that, in the event of failure so to depart, the respondent shall be deported as provided in the special inquiry officer's order. ·