MATTER OF AIYER

In Adjustment of Status Proceedings

A-22210207

*Decided by Regional Commissioner June 17, 1981*

(1) Since the dependent of a principal alien derives benefits from the principal alien, an applicant for adjustment of status under section 13 of the Act of September 11, 1957 (71 Stat. 642), 8 U.S.C. 1255(b), is ineligible for section 13 benefits if he/she is the dependent of a principal alien ineligible for such benefits.

(2) Where an applicant for adjustment of status under section 13 of the Act of September 11, 1957, was admitted under section 101(a)(15)(G)(i) of the Immigration and Nationality Act, 8 U.S.C. 1101(a)(15)(G)(i), as the immediate family member of a principal alien admitted under section 101(a)(15)(G)(i) of the Act, 8 U.S.C. 1101(a)(15)(G)(i), and the principal alien is ineligible for section 13 benefits because he/she did not fail to maintain his/her section 101(a)(15)(G)(i) status while remaining in the United States, the applicant is ineligible for section 13 benefits.

ON BEHALF OF APPLICANT:  Pro se

This matter is before the Regional Commissioner on certification from the District Director, who denied the application on the ground that the applicant is ineligible for the benefits of section 13 of the Act of September 11, 1957, since his status is dependent on the principal alien who is not eligible for the benefits of section 13 of the Act of September 11, 1957.

The applicant is a 28-year-old native and citizen of India. He was admitted to the United States on September 1, 1975, under the provision of section 101(a)(15)(G)(i) of the Immigration and Nationality Act, 8 U.S.C. 1101(a)(15)(G)(i). The applicant's admission was based on the fact that he was an immediate family member (son) of the First Secretary of the Permanent Indian Mission to the United Nations who was the principal alien admitted pursuant to section 101(a)(15)(G)(i) of the Act, 8 U.S.C. 1101(a)(15)(G)(i). The record indicates that the applicant's father served as First Secretary to the Permanent Indian Mission to the United States from the date of his admission to the United States on April 15, 1973, until he was transferred in his employment with the Indian Diplomatic Corps to the position of Indian Ambassador to Laos on September 1, 1976.

The record of proceedings indicates that the applicant has remained in the United States continuously since the transfer of his father, except for two departures pursuant to the advance parole procedure of section 212(d)(5) of the Act during December 1977 and July 1978. The instant application was filed on December 28, 1976, accompanied by a Record of Sworn Statement in support of the request for permanent resident status. The sworn statement indicates that the applicant is a Ph.D. student at the Wharton Applied Research Center, University of Pennsylvania. The applicant stated that after he obtains his Ph.D. he expects to be employed in an International Bank in New York City.

To qualify for the benefits of section 13 of the Act of September 11, 1957, the applicant must establish the following:

1. He is a person of good moral character.
2. He is admissible to the United States for permanent residence under the Immigration and Nationality Act.
3. He has executed and submitted the written waiver required by section 247(b) of the Act, 8 U.S.C. 1257(b), and 8 C.F.R. 245.1(c).
4. He is prima facie ineligible for adjustment of status to that of a lawful permanent resident under another provision of the law.
5. His adjustment to lawful permanent resident status would not be contrary to the national welfare, safety, or security.
6. He must have been admitted to the United States under the provisions of either section 101(a)(15)(A)(i), or (ii), or 101(a)(15)(G)(i), or (ii) of the Act, 8 U.S.C. 1101(a)(15)(A)(i), or (ii), 8 U.S.C. 1101(a)(15)(G)(i), or (ii).
7. He must have performed diplomatic or semi-diplomatic duties or have been an immediate family member of a principal alien who performed diplomatic or semi-diplomatic duties. (Duties of a custodial, clerical, or manual nature are not qualifying).
8. He must have failed to maintain status under the provisions of either section 101(a)(15)(A)(i), or (ii), or 101(a)(15)(G)(i), or (ii) of the Immigration and Nationality Act, 8 U.S.C. 1101(a)(15)(A)(i) or (ii), or 8 U.S.C. 1101(a)(15)(G)(i) or (ii).

In addition to the requirements set forth above, the Service is responsible for consulting with the Secretary of State and furnishing that office the necessary information concerning the section 13 applicant. The Secretary of State will in turn furnish the Service information concerning the applicant's classification and employment, and a statement whether they have any objection to the granting of the alien's application for adjustment of status under section 13.

The record indicates that the applicant has satisfied the requirements of items one through seven above. We find that the requirement of item eight above has not been met. The Secretary of State, upon consultation, has indicated that he has no objection to the granting of permanent resident status. However, in a letter dated January 28, 1978, the Secretary of State advised this Service of the following:

> ... According to information in this Department relating to INS regulations concerning adjustment under Sec. 13, a dependent is not entitled to consideration unless the principal is applying for adjustment under Sec. 13. From the information provided, Mr. Srinivasan's father had departed the United States and did not apply for adjustment of

status under Sec. 13. Therefore, we do not believe the applicant is entitled to apply under this provision of the law. . . .

We concur in the conclusion reached by the Secretary of State. In the instant case the applicant was admitted under the provisions of section 101(a)(15)(G)(i) of the Act, 8 U.S.C. 1101(a)(15)(G)(i), as an immediate family member of the principal alien. 22 C.F.R. 41.1 defines the terms "principal alien" and "immediate family" as follows:

Principal alien. "Principal alien" means an alien from whom another alien derives a privilege or status under the laws or regulations.

Immediate family. "Immediate family", as used in sections 101(a)(15)(A), 101(a)(15)(G) . . . means close relatives who are members of the immediate family by blood, marriage, or adoption, who are not members of some other household and who will reside regularly in the household of the principal alien.

Prior to arriving at our conclusion, we reviewed each of the four precedent administrative decisions relating to section 13 proceedings. A similar situation arose in Matter of Penaherrera, 13 I&N Dec. 334 (BIA 1969). In Matter of Penaherrera, supra, the father of the applicants officially terminated his position as Counsel General at San Francisco, California, on July 8, 1953. He had been admitted to the United States under the provisions of section 101(a)(15)(A)(i) of the Immigration and Nationality Act, as amended, 8 U.S.C. 1101(a)(15)(A)(i). After his position was officially terminated on July 8, 1953, he remained in the United States until the summer of 1956 when he departed for San Salvador, El Salvador. The applicants (daughters of the principal alien) remained in the United States continuously since their admission and were found to be eligible for the benefits of section 13 in that their status was dependent on the principal alien and the principal alien failed to maintain his status from July 8, 1953, until his departure from the United States during the summer of 1956.

The instant case is distinguished from the Matter of Penaherrera, supra, in that the principal alien did not fail to maintain his status, therefore, he was never eligible for the benefits from the principal alien, he is ineligible for the benefits of section 13 of the Act of September 11, 1957. Accordingly, the decision denying the application will be affirmed.

IT IS ORDERED: that the decision of the District Director be hereby affirmed. ·